**In the Matter of Earl C. MULLINS, Jr., Respondent.**

No. 98S00–1306–DI–427.

Supreme Court of Indiana.

Sept. 6, 2013.

*PUBLISHED ORDER IMPOSING RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the Commonwealth of Kentucky and requesting, pursuant to Indiana Admission and Discipline Rule 23(28), that reciprocal discipline be imposed in this state. On June 17, 2013, this Court issued an "Order to Show Cause."

Respondent was admitted to practice law in Indiana and in Kentucky. On May 23, 2013, the Supreme Court of Kentucky found Respondent's conduct violated that jurisdiction's rules of professional conduct. For this misconduct, Respondent was suspended from the practice of law in Kentucky for 90 days, with 30 days actively served and 60 days probated for two years on the condition that he receive no further disciplinary charges, effective as of the date of the order.

The Court finds that there has been no showing, pursuant to Admission and Discipline Rule 23(28)(c), of any reason why reciprocal discipline should not issue in this state. Respondent does not protest imposition of reciprocal discipline. He does, however, request two accommodations: (1) that his suspension take effect 120 days after the date of the Court's order; and (2) that he not be required to notify his clients of his suspension. The Court will grant the first of request in part, delaying the effective date of suspension for approximately 6 weeks. Respondent, however, does not state any compelling reason to be relieved of this obligation to notify clients of his suspension pursuant to Admis. Disc. R. 23(26)(c).

Being duly advised, **the Court orders Respondent suspended indefinitely from the practice of law in this state beginning October 18, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent.

If Respondent is reinstated to practice in Kentucky, Respondent may file a "Motion for Reinstatement" after his minimum 30–day active suspension in Indiana pursuant to and in full compliance with Admission and Discipline Rule 23(28)(e), provided there is no other suspension order in effect. Reinstatement in Indiana shall be subject to compliance with the terms of Respondent's probation in Kentucky as determined by that jurisdiction.

The Clerk of this Court is directed to forward notice of this Order to Respondent or Respondent's attorney, to the Indiana Supreme Court Disciplinary Commission, to the Supreme Court of Kentucky, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this

order in the bound volumes of this Court's decisions.

All Justices concur.